De Harrison v. Perea.

---

[No. 925.    August 28, 1902.]

GUADALUPE PEREA de HARRISON et al., Appellees, v. PEDRO PEREA et al., Appellants.

SYLLABUS.

An appeal will not lie from an interlocutory order.

Appeal from the district court of Santa Fe county, before John R. McFie, Associate Justice. Appeal dismissed and cause remanded.

Catron & Gortner for appellants.

Section 562 of the Compiled Laws provides: "The several probate judges shall have exclusive original jurisdiction in all cases relative to the probate of last wills and testaments; the granting letters testamentary and of administration, and the repealing the same . . . the settlement and allowance of the accounts of executors and administrators . . . the right of executorship, administration and guardianship, respecting the duties or accounts of executors, administrators or guardians. . . ." This law confers exclusive jurisdiction in these matters upon the probate court.

Estate of Moulton, 9 Utah 162.

If the law commands or prohibits a thing to be done, equity can not enjoin the controversy or dispense with the obligation.

1 Story Eq. Jur., sec. 69; Mining Co. v. District Court, 7 N. M. 501.

The jurisdiction for the settlement of decedent's estates is generally conceded to be in the probate courts in this country.

Copinger v. Rice, 33 Cal. 408; 66 Cal. 112; Reed v. King, 93 Cal. 96.

In such matters the Legislature has conferred unlimited jurisdiction on the probate courts as it was authorized to do by the organic act which at section 7 says: "The legislative power of the Territory shall extend to all rightful subjects of legislation consistent with the Constitution of the United States and the provisions of this act. What is meant by rightful subjects of legislation?

Cope v. Cope, 137 U. S. 684; Maynard v. Hill, 125 U. S. 204; Organic Act, sec. 10.

The administration of estates and the settlement of accounts of administrators, fall peculiarly and exclusively under the cognizance of probate courts.

Green v. Creighton's Admr., 10 S. and M. 159; Jones v. Coon, 5 S. and M. 151; 1 Pomeroy Eq. Jur., secs. 348, 349 and 350.

In case of fraud practiced in the settlement, see—
Turnbull v. Endicott, 3 S. and M. 304.

In Alabama, Arkansas and Connecticut, probate courts have exclusive or concurrent jurisdiction in the administration of estates.

King v. Smith, 15 Ala. 264; Goodrich v. Thompson, 4 Day 215; Ornet, Exr., v. Ornet, 33 Ala. 273; Osborn v. Graham, 30 Ark. 67.

In California it is held that the probate court has jurisdiction to settle the accounts of an administrator, and to ascertain and determine his liability to the estate, and the decree is conclusive, subject to be set aside, reversed or modified on appeal.

Reynolds v. Brumagen, 54 Cal. 254; Williams v. Price,,11 Cal. 212; Estate of Garrud, 35 Id. 277; Kingsley v. Miller, 45 Cal. 95; Estate of Hudson, Id. 446; Dean v. Supr. Ct., 11 P. C. 535 L. J.; McClellan v. Downey, Id. 448; Freeman v. Rahm, 8 Id. 126.

In Pennsylvania it is held: If there is anything besides death which is not to be doubted, it is that the orphans's court alone has authority to ascertain the amount of the decedent's property and order its distribution among those entitled to it.

McPherson v. Conliff, 14 Am. Dec. 663 and note; Whiteside v. Whiteside, 29 Penn. St. 474. See also Blake y. Butler, 10 R. I. 133.

The probate court having acquired jurisdiction, equity will not intermeddle.

Beach, Mod. Eq. Jurisp., sec. 1033, p. 1113; Woerner on Admrs., 357; Pomeroy, Eq. Jurisp., 1154; Clinton v. Englebrecht, 13 Wall. 434; Hornbuckle v. Tombs, 18 Wall. 648, 655, 656.

The complainants have a right of action in ejectment or by partition for any damage on account of realty. As to personal property they have a right of action on the administrator's bond.

Opinger v. Rice, 33 Cal. 408; Reed v. King,

93 Cal. 96; McNeal v. First Congregational Society, 66 Cal. 112.

Where two courts have concurrent jurisdiction, the one which first assumes the jurisdiction, retains it exclusively of the other.

> Beach on Modern Equity Jurisprudence, sec. 1033, p. 1113; Woerner on Admr. 357.

W. B. Childers for appellees.

The district courts of this Territory in the exercise of their chancery jurisdiction, can entertain a bill for the settlement of an estate, an accounting as to diversion and conversion of the estate and for fraud and deceit practiced by the administrator.

> 3 Pomeroy's Eq. Juris., sec. 1153; Pulliam v. Pulliam, 10 Fed. 23, and cases cited; Robinson v. Campbell, 3 Wheat. 212; Penn v. Bridge Co., 13 How. 518; Payne v. Hook, 7 Wall. 425-30; Clark v. Perry, 5 Cal. 60.

The courts of the United States have jurisdiction at common law and chancery, and wherever such jurisdiction may be appropriately exercised, there being no objection to the citizenship of the parties, the courts of the United States have jurisdiction.

> Fitch v. Creighton, 24 How. 159; Kendall v. Creighton, 23 How. 90.

And the court also decided that such jurisdiction would be exercised, "notwithstanding the local laws relative to the administration and settlement of estates."

> Hayes v. Pratt, 147 U. S. 570; Lawrence v. Nelson, 143 U. S. 215.

The general history of Federal jurisprudence and the organic act must be considered and any territorial legislation inconsistent therewith must be considered void.

> Ferris v. Higley, 20 Wall. 383; Archibeque v. Miera, 1 N. M. 161; U. S. v. Bowen, 100 U. S.

508; Basey v. Gallagher, 20 Wall. 670; Vistor v. Arthur, 104 U. S. 498; Hornbuckle v. Toombs, 18 Wall. 648, 656.

The measure of the general chancery and common law jurisdiction of the courts in the Territory is the same as that which the court would have if there was only one court held at one place in the district.

> Schofield v. Stevens, 7 N. M. 619; Klemp v. Winter, 23 Kan. 703; City of Panama, 101 U. S. 453; Bertha, etc., Company v. Vaughn, 88 Fed. 571; Van Bokkelen v. Cook, 5 Sawyer 587; Fed. 16 Cases, 831; Appleton v. Marx, 63 Fed. 645; Perea v. Barela, 5 New Mexico 468.

The allegations of the bill in this case are sufficiently certain to apprise the defendants of the case they are to meet.

> 1 Daniel's Chan. Pl. and Pr., 313, 314 and note; Id. 360 and 361 and notes; 3 Daniel's Chan., 1997 to 2000 for form; St. Louis v. Knapp, 104 U. S. 658.

If a bill contains two subjects, and the court has juridiction of only one of them, the court will treat it as if it were single and proceed with the matter over which it has jurisdiction.

> Story's Equity Pleading, sec. 283 and note; Varick v. Smith, 5 Paige's Ch. 160; McCabe v. Bellows, 1 Allen 269.

A bill that is multifarious may be amended by striking out the allegations which render it multifarious.

> Rose v. Rose, 11 Paige's Ch. 1677, and see Newland v. Rogers, 3 Barbour's Ch. 433; Compiled Laws, secs. 1910, 1911.

Moreover, bills with double aspects are allowable.

> Payne v. Hook, 7 Wall. 431; Shields v. Barrow, 17 How. 130; 1 Daniel's Ch. Pl. and Pr., 233 and cases cited in note 3; Id., p. 313, note 8 and cases cited.

OPINION OF THE COURT.

BAKER, J.—This is an appeal from the district court. of Santa Fe county, from the following order: "This cause coming on to be heard on demurrer heretofore filed in the above-entitled cause, and the court having heard counsel for both plaintiff and defendants and being now sufficiently advised in the premises, the said demurrer is overruled." In the opinion of the court this is an interlocutory order, from which an appeal will not lie. At the last sitting of this court it was so held in Jung v. Myer, 68 Pac. 933; Machen v. Keeler, Id., 937; Board, etc., v. Blackington, Id. 938.

Appeal dismissed and cause remanded for further proceedings.

Mills, C. J., McMillan and Parker JJ., concur.

McFie, A. J., having tried the case below did not participate in this decision.